*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
March 28, 2024

Plaintiff-Appellee,

v

No. 360015
Oakland Circuit Court

RONALD LEWIS KENNEDY,

LC No. 2013-244509-FC

Defendant-Appellant.

## ON REMAND

Before: M. J. KELLY, P.J., and MURRAY and RIORDAN, JJ.

PER CURIAM.

In 2013, a jury convicted defendant of second-degree murder, MCL 750.317, assault with intent to commit murder, MCL 750.83, and domestic violence (third offense), MCL 750.81(4). On remand, the trial court resentenced defendant as a fourth-offense habitual offender, MCL 769.12, to a term of 80 to 150 years for the second-degree murder conviction, and the previously-imposed terms of 40 to 80 years for the assault conviction, and 3 to 15 years for the domestic-violence conviction, to be served concurrently.[1] Defendant appealed of right, and we affirmed.

---

[1] The trial court originally sentenced defendant as a fourth-offense habitual offender, to concurrent prison terms of 70 to 150 years for the second-degree murder conviction, 40 to 80 years for the assault with intent to commit murder conviction, and 3 to 15 years for the domestic-violence conviction. In a prior appeal, this Court affirmed. *People v Kennedy*, unpublished per curiam opinion of the Court of Appeals, issued December 4, 2014 (Docket No. 316985). In 2016, the trial court denied defendant's motion for relief from judgment, and this Court denied defendant's delayed application for leave to appeal that decision, *People v Kennedy*, unpublished order of the Court of Appeals, entered August 10, 2016 (Docket No. 333655). Thereafter, defendant filed a petition for a writ of habeas corpus in the United States District Court for the Eastern District of Michigan, which conditionally granted the petition in part and ordered that the case be remanded

*People v Kennedy*, unpublished per curiam opinion of the Court of Appeals, issued December 29, 2022 (Docket No. 360015). On defendant's subsequent application, the Supreme Court, in lieu of granting leave to appeal, vacated the judgment of the Court of Appeals to the extent that it is inconsistent with the decision in *People v Posey*, 512 Mich 317; 1 NW3d 101 (2023) (*Posey II*), and remanded for reconsideration in light of *Posey*. In all other respects, the Supreme Court denied leave to appeal. *People v Kennedy*, 997 NW2d 184 (2023). We again affirm.

As noted, the trial court scored the sentencing guidelines for defendant's conviction of second-degree murder and sentenced defendant to a minimum term of 80 years (960 months), which was within the applicable guidelines range of 315 to 1,050 months.[2] In our prior opinion we held that, because the trial court sentenced defendant within the advisory sentencing guidelines range, his sentence need not be reviewed for reasonableness, and must be affirmed unless there was an error in scoring the guidelines or the trial court relied on inaccurate information. See *People v Anderson*, 322 Mich App 622, 636; 912 NW2d 607 (2018), citing MCL 769.34(10) (if a sentence is within the sentencing guidelines range, this Court must affirm the sentence absent a scoring error or reliance on inaccurate information). Because defendant did not argue that the trial court relied on inaccurate information, and because there was no error in the scoring of the sentencing guidelines, we affirmed the sentences. Nevertheless, knowing that *Posey* was pending before the Supreme Court, we stated that "[e]ven if we considered defendant's proportionality argument, we would conclude that the trial court more than adequately analyzed the relevant factors and ordered a sentence proportionate to the crime and the offender." *Kennedy*, unpub op at 3 n 4.

We now take on the proportionality issue more directly. In doing so, we are guided by this Court's decision on remand in *Posey*, *People v Posey (On Remand)*, ___ Mich App ___, ___; ___ NW3d ___ (2023) (Docket No. 345491) (*Posey III*); slip op at 2, in which this Court clarified that the following principles apply in determining the proportionality of a sentence that fell within the advisory guidelines:

> [W]ithin-guidelines sentences are to be reviewed for reasonableness, that reasonableness review requires a determination whether a sentence was proportionate, that there is a nonbinding presumption of proportionality, meaning that a within-guidelines sentence is not binding on the Court of Appeals, that the defendant bears the burden of demonstrating that their within-guidelines sentence is unreasonable or disproportionate, and that a within-guidelines sentence may indeed be disproportionate or unreasonable. [Quotation marks and citations omitted.]

---

to the trial court for resentencing. *Kennedy v Jackson*, opinion of the United States District Court for the Eastern District of Michigan, issued July 14, 2020 (Case No. 2:17-cv-11578).

[2] The trial court scored the guidelines for defendant's conviction of second-degree murder, which is a class M2 offense, MCL 777.16p. The trial court's scoring of the guidelines placed defendant in the E-III cell of the applicable sentencing grid, for which the minimum sentence range is 315 to 525 months. MCL 777.61. Because defendant was sentenced as a fourth-offense habitual offender, the upper limit of his range is increased by 100%, MCL 777.21(3)(c), resulting in an enhanced sentencing guidelines range of 315 to 1,050 months.

The *Posey III* Court also set forth the basic caselaw governing the reasonableness and proportionality inquiry as follows:

> In *People v Steanhouse*, 500 Mich 453, 459-460; 902 NW2d 327 (2017), the Michigan Supreme Court observed:
>
>> [T]he proper inquiry when reviewing a sentence for reasonableness is whether the trial court abused its discretion by violating the "principle of proportionality" set forth in *People v Milbourn*, 435 Mich 630, 636; 461 NW2d 1 (1990), "which requires sentences imposed by the trial court to be proportionate to the seriousness of the circumstances surrounding the offense and the offender."
>
>> "An appropriate sentence should give consideration to the reformation of the offender, the protection of society, the discipline of the offender, and the deterrence of others from committing the same offense." *People v Boykin*, 510 Mich 171, 183; 987 NW2d 58 (2022). With respect to sentencing and the guidelines, the key test is not whether a sentence departs from or adheres to the guidelines range. *Steanhouse*, 500 Mich at 472. The key test is whether the sentence is proportionate to the seriousness of the matter. *Id*. In regard to proportionality, the *Milbourn* Court "observed that the Legislature has determined to visit the stiffest punishment against persons who have demonstrated an unwillingness to obey the law after prior encounters with the criminal justice system." *Milbourn*, 435 Mich at 668. "The premise of our system of criminal justice is that, everything else being equal, the more egregious the offense, and the more recidivist the criminal, the greater the punishment." *People v Babcock*, 469 Mich 247, 263; 666 NW2d 231 (2003). [*Posey III*, ___ Mich App at ___; slip op at 2-3.]

The question now before us is whether the trial court abused its discretion in resentencing defendant to 30 to 60 years' imprisonment for second-degree murder in light of *Posey II*.

As we recounted in our prior opinion, the trial court articulated numerous compelling reasons why the sentences imposed were appropriate for this defendant and these crimes. Specifically, the court mentioned the horrific nature of the crimes, the dramatic impact it had on the victim and her family, and the protection of society:

> The resentencing judge clearly had different "perceptions, experience, and judgment" than the original sentencing judge, which is precisely what the judge elucidated when explaining the reasons for sentencing defendant. The judge had thoroughly reviewed the circumstances of the case, including both the original and updated presentence reports, defendant's prior record, defendant's current circumstances, sentencing memorandums and letters submitted to the court, and "issues such as protection of society, punishment, rehabilitation, deterrence." The judge stated that this case was "among the most, if not the most horrific cases that [he] ha[d] dealt with during [his] time as a judge" before explaining at great length

the reasons supporting the sentence imposed. After detailing the facts and defendant's troubling and escalating criminal history, the judge stated: "It is *my best judgment* that the appropriate and proportionate . . . sentence in this case is a greater sentence than that imposed by [the original sentencing judge]." [*Kennedy*, unpub op at 3-4.]

We have no hesitation concluding that this sentence was proportionate to the offender and the offense. The trial court, after considering all the material supplied by the parties and the trial record, properly considered the nature of the crime, the protection of society, and the impact the crime had on the victim's family, amongst other things, in imposing the sentence.

Affirmed.

/s/ Michael J. Kelly
/s/ Christopher M. Murray
/s/ Michael J. Riordan